**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE JUAREZ TIBURCIO,<br><br>Petitioner,<br><br>v.<br><br>LADEON FRANCIS, *in his official capacity as Acting Field Office Director of New York Immigration and Customs Enforcement, et al.*,<br><br>Respondents. | Civil Action No. 25-19007 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

      **THIS MATTER** comes before the Court on the submission of a *pro se* petition (Petition) for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241") by Jonathan Juarez Villa as the "next friend" of Petitioner Jose Juarez Tiburcio. (ECF No. 1.) Juarez Villa states that Petitioner is his father. (*Id.* at 1-2.) For the reasons stated below, the Petition is **DISMISSED without prejudice**.

      On December 22, 2025, Juarez Villa submitted the Petition to the United States District Court for the Southern District of New York ("Southern District of New York"), No. 1:25-cv-10617. (ECF No. 1.) Juarez Villa seeks relief to remedy Petitioner's "unlawful arrest and detention [by U.S. Immigration and Customs Enforcement ("ICE")] at Federal Plaza[, New York, New York] as he has been held there for the past 24 hours."[1] (*Id.* at 1.)

---

[1] The Petition names as Respondents LaDeon Francis, the Field Office Director of New York ICE, Kristi Noem, Secretary of Homeland Security, and Pam Bondi, in her official capacity as Attorney General ("Respondents") (ECF No. 1 at 1, ¶¶ 5-6.)

On the same date the Petition was submitted, the Southern District of New York entered an Order to Show Cause ("OTSC") ordering, among other things, that: (1) Petitioner shall not be removed from the United States unless and until the Southern District of New York ordered otherwise; (2) Petitioner shall not be transferred except to a facility within the Southern District of New York, the Eastern District of New York, or the District of New Jersey absent further order of the Southern District of New York; (3) Respondents shall show cause why the Petition should not be granted by December 30, 2025 (and Petitioner may file a reply by January 5, 2026); (4) on December 23, 2025, the parties shall attend an initial telephonic case conference to address venue, the statutory basis for Petitioner's detention, and further details regarding his detention; and (5) Petitioner shall serve Respondents with the Petition and accompanying filings (and the Southern District of New York ordered the Clerk to email the Petition and the OTSC to the Civil Division of the U.S. Attorney's Office for the Southern District of New York). (ECF No. 3 at 1-2.) The Southern District of New York further indicated that, while Petitioner's son states that, upon information and belief, Petitioner is currently being held at Federal Plaza, the ICE Online Detainee Locator System shows that Petitioner is currently detained at the Delaney Hall Detention Facility, Newark, New Jersey. (*Id.* at 1.)

On December 23, 2025, a telephonic case conference was conducted, and the Southern District of New York ordered this matter transferred to the District of New Jersey. (ECF No. 4 at 1-2.) According to the Southern District of New York, "[a]lthough the Habeas Petition states that Petitioner was held at 26 Federal Plaza, New York, NY, at the time of the filing of the Habeas Petition, *see* [ECF No. 1 at 4], counsel for the Government represented during the multiple case conference that the Petitioner was detained at the Delaney Hall Detention Facility in Newark, NJ at the time of the filing of the Habeas Petition." (ECF No. 4 at 1.) The Southern District of New

York further ordered that further action on the pending OTSC shall be left to the discretion of the District Court Judge assigned upon transfer, and, in accordance with the OTSC, Petitioner shall not be transferred out of the United States absent further order of the Southern District of New York or the District Court Judge assigned upon the transfer.  (*Id.* at 2.)

On December 29, 2025, this matter was assigned to the Undersigned.

A search of the ICE online detainee locator system (*see* https://locator.ice.gov/odls/#/search), run on December 31, 2025, shows that Petitioner remains in ICE custody at the Delaney Hall Detention Facility.

Juarez Villa signed and submitted the Petition on Petitioner's behalf.[2]  (ECF No. 1 at 10.) Petitioner contends that he has standing to act as Petitioner's "next friend" because he is Petitioner's son and Petitioner has not been allowed a phone call or any contact since being detained at Federal Plaza.  (*Id.* at 1-2.)  According to the Petition, Petitioner has been detained at Federal Plaza since December 20, 2025 without access to counsel or the phone, or the ability to file his own habeas petition.  (*Id.* at 2 (further alleging that the room in which Petitioner is detained does not grant access to paper or legal information explaining how he could challenge his unlawful detention).)

The federal habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his

---

[2]   Under 28 U.S.C. § 2241, habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule), applicable to § 2241 petitions through Habeas Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Under this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  The Court has an obligation to liberally construe the *pro se* Petition. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

behalf." 28 U.S.C. § 2242; *see also* Habeas Rule 2(c)(5) (requiring the petition to be signed under penalty of perjury by the petitioner or by a person authorized to sign the petition for the petitioner under § 2242).  In limited circumstances, persons unable to prosecute their own actions may have third persons—"next friends"—stand in for them.  *See Whitmore v. Arkansas*, 495 U.S. 149, 161-62 (1990).

To qualify for "next friend" status, the third person must satisfy two requirements: (1) "First, a 'next friend' must provide 'an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action,'" *id.* at 163 (citations omitted); (2) "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest," *id.* at 163-64 (citations omitted).  "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court."  *Id.* at 164 (citations omitted).  "[N]ext friend" standing "'is by no means granted automatically to whomever seeks to pursue an action on behalf of another,' *id.* at 163, and next friend habeas petitions are 'rare.'"  *Dyer ex rel. Dyer v. Warden of S. Woods State Prison*, No. 25-14807, 2025 WL 2783868, at *2 (D.N.J. Sept. 30, 2025) (citing *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998)).

Juarez Villa has submitted evidence indicating that he is Petitioner's son.  (*See* ECF No. 1 at 12-14.)  However, assuming *arguendo* that Juarez Villa satisfies the second requirement for "next friend" standing, he fails to provide an adequate explanation for why the real party in interest cannot appear on his own behalf to prosecute this matter.  While Juarez Villa asserts that his father lacks access to the federal judiciary at Federal Plaza, at the time the Petition was submitted for filing, Petitioner was detained at Delaney Hall Detention Facility in New Jersey, where he remains

in custody. (*See* ECF No. 4 at 1.) Juarez Villa does not allege thar his father has faced any accessibility problems at Delaney Hall Detention Facility. Accordingly, the putative "next friend" does not meet his burden to clearly "establish the propriety of his status and thereby justify the jurisdiction of the court," *Whitmore,* 495 U.S. 149 at 164 (citations omitted).

Furthermore, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 6424641, at *2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 (3d Cir. 2020)). Accordingly, as a layperson, Juarez Villa cannot litigate this case as a next friend for his father without retaining an attorney. *See Ruiz Perez v. Soto*, No. 25-16871, 2025 WL 3186962, at *2 (D.N.J. Nov. 14, 2025).

Juarez Villa also did not submit the five-dollar filing fee for a habeas petition, *see* 28 U.S.C. § 1914(a), or apply to proceed *in forma pauperis* ("IFP"). Additionally, Juarez Villa did not sign the Petition under penalty of perjury. *See* Rule 2(c)(5).

For the foregoing reasons, the Court dismisses the Petition without prejudice for lack of jurisdiction. Within thirty (30) days of the date of entry of this Memorandum and Order Petitioner may reopen this matter by: (1) submitting and signing under penalty of perjury his own habeas petition; and (2) either paying the applicable filing fee or submitting a completed IFP application. Alternatively, within thirty (30) days of the date of entry of this Memorandum and Order, Juarez Villa may reopen this matter if he, through counsel: (1) files a motion showing that he satisfies the requirements for proceeding as Petitioner's "next friend;" (2) pays the applicable filing fee or submits a completed IFP application; and (3) signs a habeas petition on his father's behalf under penalty of perjury.

**IT IS**, therefore, on this 31st day of December, 2025, **ORDERED** as follows:

**ORDERED** that the Petition (ECF No. 1) is **DISMISSED without prejudice** for lack of jurisdiction; and it is further

**ORDERED** that, within thirty (30) days of the date of entry of this Memorandum and Order, Petitioner may reopen this matter by: (1) submitting and signing under penalty of perjury a habeas petition; and (2) either paying the applicable filing fee or submitting a completed IFP application; alternatively, within thirty (30) days of the date of entry of this Memorandum and Order, Juarez Villa may reopen this matter if he, through counsel: (1) files a motion showing that he satisfies the requirements for proceeding as Petitioner's "next friend;" (2) pays the applicable filing fee or submits a completed IFP application; and (3) signs a habeas petition on Petitioner's behalf under penalty of perjury; and it is further

**ORDERED** that the OTSC (ECF No 3) is **VACATED**; and it is further

**ORDERED** that the Orders restricting Petitioner's transfer from the Southern District of New York, the Eastern District of New York, or the District of New Jersey, and prohibiting his removal from the United States (ECF Nos. 3-4) are **LIFTED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order, a blank § 2241 form—AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and blank form DNJ-Pro Se-007-B-(Rev. 09/09), upon Petitioner by regular United States mail; and it is further

**ORDERED** that the Clerk of Court shall mark this matter as **CLOSED**.

_____
GEORGETTE CASTNER
United States District Judge