**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE JUAREZ TIBURCIO,<br><br>Petitioner,<br><br>v.<br><br>LADEON FRACIS, *et al*<br>*in his official capacity as Acting Field Office Director of New York Immigration and Customs Enforcement*<br><br>Respondents. | Civil Action No. 25-19007 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court on the amended petition for writ of habeas corpus (Amended Petition) pursuant to 28 U.S.C. § 2241 (§ 2241) submitted, through counsel, by Petitioner Jose Juarez Tiburcio.[1] (ECF No. 7.) In his Amended Petition, Petitioner asks the Court to order "this matter be reopened in accordance with the Court's December 31, 2025 [Memorandum and] Order" (*id.* at 29 (citing *Tiburcio v. Francis*, No. 25-19007, 2025 WL 3771388, at *3 (D.N.J. Dec. 31, 2025))) and to order "that Petitioner be transferred back to the District of New Jersey while this habeas petition is pending" (*id.*)

---

[1]     In the Amended Petition, Petitioner names as Respondents (in their official capacities): Luis Soto, the Director of Delaney Hall Detention Facility in Newark, New Jersey; John Tsoukaris, Director of the Newark Field Office of the U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations division; Todd M. Lyons, senior official performing the duties of the Director, ICE; Kristi Noem, Secretary of the Department of Homeland Security ("DHS"); and Pam Bondi, Attorney of the United States. (ECF No. 7 at 1, ¶¶ 23-27.)

In its December 31, 2025 Memorandum and Order, the Court provided the following summary of the procedural history of this matter:

> On December 22, 2025, [Jonathan] Juarez Villa [as Petitioner's son and "next friend"] submitted [a *pro se* petition for a writ of habeas corpus under § 2241 ("Petition")] to the United States District Court for the Southern District of New York ("Southern District of New York"), No. 1:25-cv-10617. (ECF No. 1.) Juarez Villa seeks relief to remedy Petitioner's "unlawful arrest and detention [by ICE] at Federal Plaza[, New York, New York] as he has been held there for the past 24 hours."[1] (*Id.* at 1.)
>
> On the same date the Petition was submitted, the Southern District of New York entered an Order to Show Cause ("OTSC") ordering, among other things, that: (1) Petitioner shall not be removed from the United States unless and until the Southern District of New York ordered otherwise; (2) Petitioner shall not be transferred except to a facility within the Southern District of New York, the Eastern District of New York, or the District of New Jersey absent further order of the Southern District of New York; (3) Respondents shall show cause why the Petition should not be granted by December 30, 2025 (and Petitioner may file a reply by January 5, 2026); (4) on December 23, 2025, the parties shall attend an initial telephonic case conference to address venue, the statutory basis for Petitioner's detention, and further details regarding his detention; and (5) Petitioner shall serve Respondents with the Petition and accompanying filings (and the Southern District of New York ordered the Clerk to email the Petition and the OTSC to the Civil Division of the U.S. Attorney's Office for the Southern District of New York). (ECF No. 3 at 1-2.) The Southern District of New York further indicated that, while Petitioner's son states that, upon information and belief, Petitioner is currently being held at Federal Plaza, the ICE Online Detainee Locator System shows that Petitioner is currently detained at the Delaney Hall Detention Facility, Newark, New Jersey. (*Id.* at 1.)
>
> On December 23, 2025, a telephonic case conference was conducted, and the Southern District of New York ordered this matter transferred to the District of New Jersey. (ECF No. 4 at 1-2.) According to the Southern District of New York, "[a]lthough the Habeas Petition states that Petitioner was held at 26 Federal Plaza, New York, NY, at the time of the filing of the Habeas Petition, *see* [ECF No. 1 at 4], counsel for the Government represented during the [telephonic] case conference that the Petitioner was detained at the Delaney Hall Detention Facility in Newark, NJ at the time of the

2

> filing of the Habeas Petition." (ECF No. 4 at 1.) The Southern District of New York further ordered that further action on the pending OTSC shall be left to the discretion of the District Court Judge assigned upon transfer, and, in accordance with the OTSC, Petitioner shall not be transferred out of the United States absent further order of the Southern District of New York or the District Court Judge assigned upon the transfer. (*Id.* at 2.)
>
> On December 29, 2025, this matter was assigned to the Undersigned.
>
> A search of the ICE online detainee locator system (*see* https://locator.ice.gov/odls/#/search), run on December 31, 2025, shows that Petitioner remains in ICE custody at the Delaney Hall Detention Facility.

*Tiburcio*, 2025 WL 377188, at *1-2.

This Court concluded that Juarez Villa failed to establish "next friend" standing; in any event, even if Juarez Villa could act as a next friend, he cannot do so without retaining an attorney; Juarez Villa did not submit the required filing fee or apply to proceed *in forma pauperis* ("IFP"); and he also failed to sign the Petition under penalty of perjury. *Id.* at *2-3. Accordingly, the Court dismissed the Petition without prejudice for lack of jurisdiction and directed the Clerk of the Court to mark this matter as closed. *Id.* at *3-4. However, the Court ordered the following:

> within thirty (30) days of the date of entry of this Memorandum and Order, Petitioner may reopen this matter by: (1) submitting and signing under penalty of perjury a habeas petition; and (2) either paying the applicable filing fee or submitting a completed IFP application; alternatively, within thirty (30) days of the date of entry of this Memorandum and Order, Juarez Villa may reopen this matter if he, through counsel: (1) files a motion showing that he satisfies the requirements for proceeding as Petitioner's "next friend;" (2) pays the applicable filing fee or submits a completed IFP application; and (3) signs a habeas petition on Petitioner's behalf under penalty of perjury[.]

*Id.* at *3.

On January 6, 2026, the applicable filing fee was received. Petitioner filed the counseled Amended Petition on January 16, 2026. (*See* ECF No. 7.) Accordingly, the Court finds good cause to reopen this matter.

Petitioner also requests that the Court order Respondents to transfer him back to the District of New Jersey while this matter is pending. (*Id.* at 29.) According to the Amended Petition, Petitioner obtained *pro bono* immigration counsel on January 6, 2026; on January 13, 2026, immigration counsel wrote to the Newark Field Office and officers at Delaney Hall Detention Facility requesting that Petitioner not be transferred outside of the New York/New Jersey area pursuant to ICE Directive 11064.4, Detention and Removal of Alien Parents and Legal Guardians of Minor Children; immigration counsel learned on January 14, 2026 that ICE had transferred Petitioner in the middle of the night to a detention facility in Arizona, "thousands of miles from his wife and children, his counsel, and the place where his immigration proceedings are venued [in Elizabeth, New Jersey]."[2] (*Id.* ¶¶ 39-40, 42-44 (citation omitted).) Petitioner claims that his transfer has made it difficult for him to communicate with counsel. (*Id.* ¶ 45.)

Petitioner does not cite to any legal authority in support of his request for a transfer order. Furthermore, on the date Petitioner was transferred (January 13, 2026 or January 14, 2026), there was no habeas proceeding pending before the Court. On December 31, 2025, the Court had dismissed the Petition without prejudice for lack of jurisdiction and expressly ordered that "the Orders restricting Petitioner's transfer from the Southern District of New York, the Eastern District of New York, or the District of New Jersey and prohibiting his removal from the United States (ECF Nos. 3-4) are **LIFTED**." *Tiburcio*, 2025 WL 3771388, at *3. Counsel did not submit the Amended Petition until January 16, 2026. (ECF No. 7.) However, pursuant to the All Writs Act,

---

[2]    According to the Amended Petition, Petitioner was transferred to the Florence Staging Facility in Florence, Arizona. (ECF No. 7 ¶ 44.)

28 U.S.C. §1651(a), and to preserve the status quo, the Court shall order that Petitioner not be transferred from his current location, or removed from the United States, pending further order of this Court.

Under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4"), applicable to 28 U.S.C. § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, the Court must promptly examine the Petition to determine whether it should be dismissed on the grounds that "it plainly appears from the petition and any attached exhibits that the petitioner is entitled to relief."  "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

This Court has screened the Amended Petition for dismissal pursuant to Habeas Rule 4, and has determined that dismissal without an expedited answer and production of the record is not warranted.

**IT IS**, therefore, on this 22nd day of January, 2026, **ORDERED** as follows:

**ORDERED** that the Clerk of Court shall **REOPEN** this matter; and it is further

**ORDERED** that Petitioner's request for an order transferring him back to the District of New Jersey is **DENIED without prejudice**; and it is further

**ORDERED** that Petitioner **SHALL NOT** be **TRANSFERRED** from his current location, or **REMOVED** from the United States, pending further order of this Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Amended Petition (ECF No. 7), the attachments (ECF Nos. 7-1 through 7-4), and this Memorandum and Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of the Amended Petition (ECF No. 7), the attachments (ECF Nos. 7-1 through 7-4), and this Memorandum and Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within twenty-one (21) days of the date of entry of this Order, Respondents shall electronically file a full and complete answer to the Amended Petition (ECF No. 7), which responds to the factual and legal allegations of the Amended Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Amended Petition within fourteen (14) days after the answer is filed; and it is further

**ORDERED** that within seven (7) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

*/s/ Georgette Castner*
_____
GEORGETTE CASTNER
United States District Judge