**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE JUAREZ TIBURCIO, <br><br> Petitioner, <br><br> v. <br><br> LADEON FRANCIS, *in his official capacity as Acting Field Office Director of New York Immigration and Customs Enforcement, et al.*, <br><br> Respondents. | Civil Action No. 25-19007 (GC) <br><br> **MEMORANDUM & ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on the amended petition for writ of habeas corpus (Amended Petition) pursuant to 28 U.S.C. § 2241 (§ 2241) submitted, through counsel, by Petitioner Jose Juarez Tiburcio.[1]  (ECF No. 7.)  Petitioner has also filed: (1) a motion for an order to show cause ("OTSC") (Motion for OTSC) (ECF No. 12); (2) a motion for reconsideration (Motion for Reconsideration) of this Court's December 31, 2025 Memorandum and Order (ECF No. 14); (3) a letter motion to seal (Motion to Seal) (ECF No. 9); and (4) a motion for leave to appear *pro hac vice* for Erica Rodarte, Esq. ("Attorney Rodarte") (Motion to Appear *Pro Hac Vice*) (ECF No. 8).

---

[1]     In the Amended Petition, Petitioner names as Respondents (in their official capacities): Luis Soto, the Director of Delaney Hall Detention Facility in Newark, New Jersey; John Tsoukaris, Director of the Newark Field Office of the U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations division; Todd M. Lyons, senior official performing the duties of the Director, ICE; Kristi Noem, Secretary of the Department of Homeland Security ("DHS"); and Pam Bondi, Attorney of the United States. (ECF No. 7 at 1, ¶¶ 23-27.)

In its December 31, 2025 Memorandum and Order, the Court provided the following summary of the procedural history of this matter:

On December 22, 2025, [J.J.V., as Petitioner's son and "next friend,"] submitted [a *pro se* petition] to the United States District Court for the Southern District of New York ("Southern District of New York"), No. 1:25-cv-10617. (ECF No. 1.) [J.J.V.] seeks relief to remedy Petitioner's "unlawful arrest and detention [by ICE] at Federal Plaza[, New York, New York] as he has been held there for the past 24 hours."[1] (*Id.* at 1.)

On the same date the Petition was submitted, the Southern District of New York entered an [OTSC] ordering, among other things, that: (1) Petitioner shall not be removed from the United States unless and until the Southern District of New York ordered otherwise; (2) Petitioner shall not be transferred except to a facility within the Southern District of New York, the Eastern District of New York, or the District of New Jersey absent further order of the Southern District of New York; (3) Respondents shall show cause why the Petition should not be granted by December 30, 2025 (and Petitioner may file a reply by January 5, 2026); (4) on December 23, 2025, the parties shall attend an initial telephonic case conference to address venue, the statutory basis for Petitioner's detention, and further details regarding his detention; and (5) Petitioner shall serve Respondents with the Petition and accompanying filings (and the Southern District of New York ordered the Clerk to email the Petition and the OTSC to the Civil Division of the U.S. Attorney's Office for the Southern District of New York). (ECF No. 3 at 1-2.) The Southern District of New York further indicated that, while Petitioner's son states that, upon information and belief, Petitioner is currently being held at Federal Plaza, the ICE Online Detainee Locator System shows that Petitioner is currently detained at the Delaney Hall Detention Facility, Newark, New Jersey. (*Id.* at 1.)

On December 23, 2025, a telephonic case conference was conducted, and the Southern District of New York ordered this matter transferred to the District of New Jersey. (ECF No. 4 at 1-2.) According to the Southern District of New York, "[a]lthough the Habeas Petition states that Petitioner was held at 26 Federal Plaza, New York, NY, at the time of the filing of the Habeas Petition, *see* [ECF No. 1 at 4], counsel for the Government represented during the [telephonic] case conference that the Petitioner was detained at the Delaney Hall Detention Facility in Newark, NJ at the time of the filing of the Habeas Petition." (ECF No. 4 at 1.) The Southern District of New York further ordered that further action on the

2

pending OTSC shall be left to the discretion of the District Court Judge assigned upon transfer, and, in accordance with the OTSC, Petitioner shall not be transferred out of the United States absent further order of the Southern District of New York or the District Court Judge assigned upon the transfer. (*Id.* at 2.)

On December 29, 2025, this matter was assigned to the Undersigned.

A search of the ICE online detainee locator system (*see* https://locator.ice.gov/odls/#/search), run on December 31, 2025, shows that Petitioner remains in ICE custody at the Delaney Hall Detention Facility.

*Tiburcio*, 2025 WL 377188, at *1-2.

This Court concluded that Petitioner's son, J.J.V. failed to establish "next friend" standing; in any event, even if J.J.V. could act as a next friend, he cannot do so without retaining an attorney; J.J.V. did not submit the required filing fee or apply to proceed *in forma pauperis* ("IFP"); and he also failed to sign the Petition under penalty of perjury. *Id.* at *2-3. Accordingly, the Court dismissed the Petition without prejudice for lack of jurisdiction, and without a pending Petition, lifted the Orders restricting Petitioner's transfer from the Southern District of New York, the Eastern District of New York, or the District of New Jersey, and prohibiting his removal from the United States, and directed the Clerk of the Court to mark this matter as closed. *Id.* at *3-4. However, the Court ordered the following:

within thirty (30) days of the date of entry of this Memorandum and Order, Petitioner may reopen this matter by: (1) submitting and signing under penalty of perjury a habeas petition; and (2) either paying the applicable filing fee or submitting a completed IFP application; alternatively, within thirty (30) days of the date of entry of this Memorandum and Order, [J.J.V.] may reopen this matter if he, through counsel: (1) files a motion showing that he satisfies the requirements for proceeding as Petitioner's "next friend;" (2) pays the applicable filing fee or submits a completed IFP application; and (3) signs a habeas petition on Petitioner's behalf under penalty of perjury[.]

3

*Id.* at *3.

On January 6, 2026, the applicable filing fee was received. Through counsel, Petitioner filed the Amended Petition on January 16, 2026. (*See* ECF No. 7.)

On January 22, 2026, the Court found good cause to reopen this matter and ordered Respondents to file an answer to the Amended Petition. *Tiburcio v. Francis*, No. 25-19007, 2026 WL 172589, at *2-3 (D.N.J. Jan. 22, 2026). On the same date, Petitioner moved for an OTSC directing the Respondents to show cause why the Amended Petition should not be granted and why Respondents should not be ordered to immediately release Petitioner from detention. (ECF No. 12.)

On January 23, 2026, Petitioner filed his Motion for Reconsideration. (ECF No. 14.) On February 12, 2026, Respondents filed a letter response (Letter Response) to the Amended Petition (ECF No. 17), and Petitioner filed a reply in further support of his Amended Petition on February 26, 2026 (ECF No. 18).

According to the Amended Petition, Respondents are detaining Petitioner under the mandatory detention provisions of 8 U.S.C. § 1225(b), pursuant to a July 8, 2025 ICE policy and the decision of the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF No. 7 ¶¶ 61-62.) In their Letter Response, Respondents acknowledge "Petitioner is in ICE detention without bond pursuant to the [DHS's] interpretation of [§ 1225(b)(2)] and the [recent decision in *Yajure Hurtado*]" and that this interpretation has been rejected by courts in this District. (ECF No. 17 at 1-2 & n.1.) Respondents rely on the same interpretation that has been repeatedly rejected by this Court, and they also argue that the only remedy if the Court finds that § 1225(b) does not apply is a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at 2.) Indicating that Respondents "raised identical statutory-interpretation arguments and the

4

petition raised similar material facts," Respondents ask the Court to summarily adjudicate the Amended Petition without requiring a formal answer. (*Id.* at 2 n.2.)

Given Respondents' admissions, under this Court's recent decision in *Chen v. Soto*, No. 25-17198, 2025 WL 3527239 (D.N.J. Dec. 9, 2025), the Court holds that Petitioner is subject to detention under 8 U.S.C. § 1226(a), which requires an opportunity to seek bond, *Chen*, 2025 WL 3527239, at *2-4. Accordingly, the Court grants the Amended Petition to the extent that Petitioner is entitled to a bond hearing before an immigration judge ("IJ") pursuant to § 1226(a). *Id.* (rejecting the petitioner's request for immediate release and concluding that appropriate remedy is to order a bond hearing before an IJ).

Because the Court previously ordered Respondents to file an answer to the Amended Petitioner under Habeas Rule 4 (and Respondents filed a Letter Response), and the Court is granting the Amended Petition, the Motion for OTSC is denied as moot.

Petitioner also requests that this Court reconsider its December 31, 2025 Memorandum and Order and instead treat the Memorandum and Order as granting Petitioner leave to amend, without lifting the prior orders restricting Petitioner's transfer outside of New Jersey or directing the closure of this matter. According to Petitioner, "even assuming *arguendo* J.J.V. was not a proper 'next friend' at the time of this Court's ruling, the oversight was excusable;" Petitioner's arrest and detention upended his life and that of his family, and J.J.V. advocated for his father by filing a *pro se* Petition; at the time the Petition was filed, Petitioner's family believed that he was still being held at 26 Federal Plaza, without access to counsel, and with limited contact to inform his family of any potential transfer; the *pro se* filing should have been afforded a liberal construction; had Petitioner been able to access counsel at the time of his detention at 26 Federal Plaza, it is possible this matter could have remained in the Southern District of New York (despite

5

Respondents' transfer of Petitioner without notice to family or counsel); and Petitioner's unlawful arrest and detention and the subsequent transfer to Arizona (that occurred after the Court entered its December 31, 2025 Memorandum and Order) have further hindered his ability to litigate his habeas proceeding. (ECF No. 14 at 5-6.)

Petitioner moves for reconsideration under Federal Rules of Civil Procedure 59(e) (which he acknowledges requires him to show either an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice) and 60(b) (requiring a showing of mistake, inadvertence, surprise, excusable neglect, or extraordinary circumstances in the form of extreme and unexpected hardship). (ECF No. 14 at 4-5 (citing *Atkinson v. Middlesex Cnty.*, 610 F. App'x 109, 112 (3d Cir. 2015); *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Boughner v. Sec'y of Health, Educ. & Welf., U.S.*, 572 F.2d 976, 978 (3d Cir. 1978)).) Petitioner does not meet the standards for reconsideration. Specifically, it is undisputed that, as this Court observed in the December 31, 2025 Memorandum and Order, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Tiburcio*, 2025 WL 3771388, at *2 (citing *Whitmore v. Arkansas*, 495 U.S. 149, 164 (2000)).

To qualify for "next friend" status, the third person must satisfy two requirements: (1) "First, a 'next friend' must provide 'an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action,'" *id.* at *2 (citations omitted); (2) "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest," *id.* (citations omitted).

6

Petitioner does not show that this Court's determination that J.J.V. failed to provide an adequate explanation for why the real party in interest could not appear on his own behalf to prosecute this matter constituted a clear error of law or fact, would result in manifest injustice, or presented extraordinary circumstances. *Id.* at *3 (holding that [w]hile [J.J.V.] asserts that his father lacks access to the federal judiciary at Federal Plaza, at the time the Petition was submitted for filing, Petitioner was detained at Delaney Hall Detention Facility in New Jersey, where he remains in custody. [J.J.V.] does not allege that his father has faced any accessibility problems at Delaney Hall Detention Facility." (citation omitted)).) Instead, Petitioner contends that even if J.J.V. was not a proper "next friend" any "oversight was excusable" and Petitioner's "unlawful arrest and detention, as well as his subsequent transfers, present extraordinary circumstances meriting this Court's reconsideration of its closure of the matter and lifting of the orders restricting [Petitioner's] transfer and removal." (ECF No. 14 at 6-7.) In other words, Petitioner submits that the "middle of the night" transfers without notice to Petitioner's family or counsel warrant this Court to reconsider its December 31 Memorandum and Order. (*Id.* at 7.)

While the Court appreciates Petitioner's arguments regarding his multiple transfers – three different facilities in the span of about three weeks – the circumstances do not warrant reconsideration of the Court's legal determination that there was a lack of "next friend" status for this Court to exercise jurisdiction. The "next friend" doctrine implicates jurisdictional requirements that cannot be overlooked by this Court. Moreover, even if extraordinary circumstances were present, Petitioner does not address the Court's December 31 holding that a "non-attorney cannot represent another party, even if acting as next friend." *Tiburcio*, 2025 WL 3771388, at *5 (quoting *Kerrigan v. Ortiz*, No. 21-1027, 2021 WL 624641, at *2 (D.N.J. Dec. 6, 2021)).

7

Thus, the Court does not find sufficient grounds exist to vacate its December 31, 2025 Memorandum and Order under Rules 59(e) or 60(b) and order Respondents to return Petitioner to New Jersey. Finally, Petitioner has since obtained *pro bono* counsel following this Court's ruling and timely filed his Amended Petition -- although three days after Petitioner was moved from Delaney Hall Detention Facility. (*See* ECF No. 14 at 3-4.) Accordingly, the Motion for Reconsideration is denied.

The Court denies without prejudice the letter Motion to Seal because it does not comport with Local Civil Rule 5.3(c).

The Court grants the Motion to Appear *Pro Hac Vice*. The Motion to Appear *Pro Hac Vice* includes a certified statement from Attorney Rodarte that comports with Local Civil Rule 101.1(c). (*See* ECF No. 8-1.) Attorney Rodarte avers that she is admitted to practice before the courts of Pennsylvania, she is a member in good standing, and she is not subject to any disciplinary proceedings pending against her (and attaches a certificate of good standing). (*Id.*) Accordingly, Attorney Rodarte will be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to Local Civil Rule 101.1(c).

IT IS, therefore, on this 4th day of March, 2026, **ORDERED** as follows:

1. The Motion for Leave to Appear *Pro Hac Vice* for Attorney Rodarte (ECF No. 8) is **GRANTED**.

2. Attorney Rodarte, a member in good standing of the bar of the Commonwealth of Pennsylvania, is permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to Local Civil Rule 101.1(c).

8

3. All pleadings, briefs, and other papers filed with the Court shall be signed by Illana Herr, Esq. ("Attorney Harr"), who is admitted to the Bar of this Court, and who shall be held responsible for said papers, for the conduct of the case, and the conduct of the attorney admitted *pro hac vice* pursuant to this Order.

4. Unless previously paid for in the current calendar year, Attorney Rodarte shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with Local Civil Rule 101.1(c)(2) and New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Memorandum and Order.

5. Pursuant to Local Civil Rule 101.1(c)(3), Attorney Rodarte shall make a payment of $250.00 to the Clerk, United States District Court, within twenty (20) days from the date of the entry of this Memorandum and Order.

6. Attorney Rodarte shall be bound by the Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of Local Civil Rule 103.1, *Judicial Ethics and Professional Responsibility*, and Local Civil Rule 104.1, *Discipline of Attorneys*.

7. Pursuant to Local Civil Rule 101.1(c)(4), Attorney Rodarte shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:21-7, as amended.

8. Attorney Rodarte may file a request with the Clerk of the Court for *pro hac vice* counsel to receive electronic notifications in this matter, the form of which is available at the Court's website.

9. The Amended Petition (ECF No. 7) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an IJ pursuant to § 1226(a).

10. Within seven (7) days of the date of entry of this Order, Respondents shall provide Petitioner with an individualized bond hearing in accordance with § 1226(a) before an IJ who shall assess whether Petitioner presents a flight risk or a danger to the community.

11. Within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court.

12. The Motion for Reconsideration (ECF No. 14) is **DENIED**.

13. The Motion to Seal (ECF No. 9) is **DENIED without prejudice**.

14. The Clerk of the Court shall **TERMINATE** the Motions pending at ECF Nos. 8, 9, 12 and 14.

**GEORGETTE CASTNER**
**United States District Judge**

10